**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3004
_____

TIMOTHY BOOTH,
                                  Appellant

v.

CAPT. SCOTT DRISSELL; LT. TAMIKA ALLAN;
SGT. BRIAN MCMENAMIN; CITY OF PHILADELPHIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2:20-cv-01751)
District Judge:  Honorable John M. Younge

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 13, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: August 14, 2024)
_____

OPINION[*]
_____

PER CURIAM

        Timothy Booth filed in the District Court a civil rights action against the City of

Philadelphia and three of its police officers. Booth claimed that, during his time as a

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

custodian with the City's police department, the officers harassed him in ways that were tantamount to retaliation (Booth voiced complaints about the officers to many, including the Police Commissioner and the Internal Affairs Department), religious discrimination (Booth is Muslim), and racial discrimination (Booth is Black). Booth detailed the alleged mistreatment in his operative pleading: a counseled, second amended complaint.

After many months of discovery and two unsuccessful mediations, the defendants filed motions for summary judgment. The District Court entered an order granting those motions as to Booth's federal claims, and also as to his claim under the Pennsylvania Human Relations Act (PHRA), 43 Pa. Stat. Ann. § 951 et seq. The District Court declined to exercise supplemental jurisdiction over Booth's remaining state law claims, dismissing them without prejudice to their re-assertion in state court.[1]

The District Court noted in the memorandum opinion supporting its order that Booth's claims under 42 U.S.C. § 1981 were defective as matter of law because, as we held in McGovern v. City of Philadelphia, 554 F.3d 114, 122 (3d Cir. 2009), that statute contains no express or implied cause of action against state actors. The District Court, moreover, rejected Booth's claim against the City under 42 U.S.C. § 1983, because he did not point to any evidence that the constitutional violations alleged in the case were perpetrated pursuant to an official municipal policy or custom (i.e., there was no evidence suggestive of Monell[2] liability).

---

[1] The parties tell us Booth has, in fact, reasserted those claims in a new state court action.
[2] See Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978).

The District Court determined further that Booth's claims of racial and religious discrimination against the police officers failed because he did not carry his initial burden to make a prima facie case under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Specifically, the District Court determined that Booth adduced no evidence he suffered a sufficiently adverse employment action and that, regardless, he failed to identify evidence from which an inference could be made that any of the officers acted with discriminatory intent. Finally, the District Court determined that Booth also did not make out a prima facie case of retaliation under § 1983 or the PHRA, the evidence having revealed a chronology of events that belied Booth's legal theories.[3]

Now pro se, Booth appeals.[4] We have jurisdiction under 28 U.S.C. § 1291.[5] "We review a district court's grant of summary judgment de novo, applying the same standard

---

[3] For example, the acts Booth characterized as retaliatory in violation of Title VII— threats by the officers; losing access to the custodial supply room; having personal effects (including his prayer rug) moved out of that room surreptitiously; and the initiation of disciplinary charges against him—all preceded Booth's EEO complaint.

[4] Booth's motion for permission to attach exhibits to his reply brief is granted. Those exhibits, as well as Booth's later-filed addendum to his reply brief, have been considered.

[5] One of the appellees contends that we do not have appellate jurisdiction to review the District Court's November 1, 2023 order insofar as it dismissed certain state law claims without prejudice after declining to exercise supplemental jurisdiction over those claims. That is incorrect; the relevant order dismissed the entire action, leaving nothing else for the District Court to do but execute its judgment. Cf. Catlin v. United States, 324 U.S. 229, 233 (1945). When a district court declines to exercise supplemental jurisdiction, as here under 28 U.S.C. § 1367(c)(3), or otherwise, dismissal of the state law claims should be without prejudice. See Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). We review such rulings for abuse of discretion. See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009). In any event, Booth has forfeited any challenge to the District Court's supplemental-jurisdiction ruling by failing to challenge it in his opening brief. See Vickers v. Superintendent Graterford SCI, 858 F.3d 841, 852 n.11 (3d Cir. 2017).

the district court applied." Viera v. Life Ins. Co. of N. Am., 642 F.3d 407, 413 (3d Cir. 2011). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Booth spends a significant part of his opening brief identifying alleged disputes of material fact and arguing that the District Court should have held an evidentiary hearing. Those efforts do not help his appeal, however, because Booth was not "entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), based on the summary judgment record viewed in the light most charitable to his cause, see Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001), for the overwhelming majority of reasons given in the District Court's memorandum opinion.

To the District Court's thorough analysis we add two observations. First, with regard to Booth's retaliation claims: He has taken too broad a view of what constitutes 'protected activity.' Cf. Moore v. City of Philadelphia, 461 F.3d 331, 340–41 (3d Cir. 2006), as amended (Sept. 13, 2006) ("To establish a *prima facie* case of retaliation under Title VII, a plaintiff must tender evidence that: '(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action.'") (citation omitted). While there is ample evidence that Booth made general complaints of unfair treatment at work, such complaints do not suffice. See, e.g., Barber v. CSX Distribution Servs., 68 F.3d 694, 702 (3d Cir. 1995).[6]

---

[6] Additionally, there is no evidence suggesting that Booth engaged in constitutionally (i.e., First Amendment) protected citizen speech on a matter of public concern, rather

4

Second, with regard to Booth's claims of discrimination: Even if the District Court would differently assess the 'adverse action' piece of the prima facie case under McDonnell Douglas following Muldrow v. City of St. Louis, Missouri, 601 U.S. ----, 144 S. Ct. 967 (2024), see, e.g., Peifer v. Bd. of Prob. & Parole, C.A. No. 23-1081, --- F.4th ----, 2024 WL 3283569, at *4–5 (3d Cir. July 3, 2024) (elucidating Muldrow's holding "that, contrary to our prior precedent, an employee need not demonstrate that the asserted adverse employment action was a 'serious and tangible' employment-related harm") (citation omitted), there is no reason to remand, given the District Court's alternative (and correct) determination that the record lacks any indicia of discriminatory intent on the part of the three police officers. The officers may have directed harsh words and other acts of mistreatment at Booth, but unlike discrimination traceable to a protected class, disdain based on interpersonal conflict is not actionable under § 1983.

With that said, we will affirm the judgment of the District Court.[7]

---

than in mere employee speech on matters of concern personal to Booth. Cf. Javitz v. Cnty. of Luzerne, 940 F.3d 858, 863-67 (3d Cir. 2019).

[7] Insofar as Booth's multiple references to his having been bitten by the District Judge's mother's dog when Booth and the District Judge were children is meant to be an argument that the District Judge should have recused, we decline to consider it, the argument being raised for the first time on appeal, see Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 251 (3d Cir. 1998), as amended (Sept. 8, 1998), in a reply brief, see Barna v. Bd. Of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017).